81,594-03

11-20-15

TO: Court of Criminal Appeals
Court Clerk - Abel Acosta

FROM: Jerrell G. Dittman
TCCA No WR-81,594-03
TR CT No W10-00566-V (B)

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

Dear Mr Abel Acosta.

I've enclosed (3) exibits to the above stated cause.

On March 3, 2015 this court remanded my 11.07 Habeas Corpus writ back to Dallas County In the order it stated that these exibits were not forwarded from Dallas County with my writ.

Could you please present these exibits with this motion to compel to the court.

Enclosed:                    Thank you

(1) Exibit A                  Jerrell Dittman
    State Exibit 56           Jerrell Dittman
                              #1701202

(2) Exibit B
    State Exibit 57

(3) Exibit C
    State Exibit 61





TO: COURT CLERK
   ABEL ACOSTA.

MR ACOSTA:

   COULD YOU PLEASE File THIS MOTION
AND PRESENT THESE (3) EXIBITS THAT WAS
NOT FORWARDED WITH MY 11:07. FROM DALLAS
COUNTY.

COURT OF CRIMINAL APPEALS
OF TEXAS

JERRELL GLENN DITTMAN,  §
       Petitioner  §
                     §     TCCA No. WR-81,594-03
V.                       §
                     §     TR. CT. No. W10-00566-V(B)
WILLIAM STEPHENS,  §
       Dir. TDCJ-ID  §

MOTION TO COMPEL RULING IN FINDINGS
OF FACTS AND CONCLUSION OF LAW HEARING

PROCEDURAL HISTORY

In Applicant's Writ of Habeas Corpus pursuant to Art. 11.07, Mr. Dittman claimed that his trial attorneys were ineffective for failing to file a Motion to Suppress the evidence which was taken illegally and for failure to object during the course of trial to evidence being admitted in effort to obtain conviction.

On March 4,2015, the Texas Court of Criminal Appeals remanded Applicant's State Habeas back to the 292nd Judicial Court of Dallas County, Texas for further findings of the Facts and Conclusion of Law. The Texas Court of Criminal Appeals instructed the Dallas County Judicial Court to respond to the following questions to determine if Applicant's claims are factual and contain merit.

    1). If Applicant's blood sample was drawn solely for medical purposes or at the request of a peace officer?

    2). If Applicant was placed under arrest for a Chapter 49 offense at the time of the blood draw?

3). If Applicant gave consent to the blood draw?

4). If there was a search warrant issued? and;

5). if exigent circumstances existed?

On September 11, 2015, the 292nd Judicial District Court of Dallas County, Texas held a hearing to determine these factual allegations presented on State Habeas. Applicant's retained attorney disputed the Dallas County District Attorney's claim that it was irrelevant that the illegal sample was entered into evidence because they had another sample taken for medical purposes only, that eventually would support the State's claim of intoxication. Therefore the contents in the blood sample was going to be admitted via medical treatment blood sample that had been taken.

IN SUPPORT OF APPLICANT'S
ILLEGAL BLOOD SAMPLE CLAIM

Applicant argues that the second blood sample came after the fact. The illegal blood sample is what was used to charge, indict, and subsequently convict Applicant. Applicant presents a factual allegation that the hospital blood sample would have been "fruit of the poisonous tree" (Wolf v. State, 137 S.W. 3d 797 (Tex. App.-Waco 2004). Under the "fruit of the poisonous tree doctrine," all evidence derived from exploitation of an illegal seizure must be suppressed unless the State shows that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the Fourth Amendment.

2

Applicant argues that the State admitted the results of the medical treatment sample that wasn't in the original records at the time of trial. The District Attorney retrived the medical treatment sample results after the trial and presented them in the record during the said hearing conducted on September 11,2015 some four and a half years after the trial in this instant case.

Applicant request this Court to reverse this judgment and conviction according to Rule 44.2(A) that states that "if the appellant record in a criminal case reveals Constitutional error that is subject to harmless error review that the Court of Appeals must reverse a judgment of conviction or punishment unless the Court determines beyond reasonable doubt that the error did not contribute to the conviction or punishment.

Applicant brings before this Honorable Court that it was the illegal blood draw and not the medical treatment blood draw that was used to charge, indict, and convict Applicant.Applicant's attorneys were ineffective in failing to suppress the illegal blood draw and object during the course of the trial to said evidence being entered into evidence.

PRAYER

Applicant has presented factual allegations that has taken place in the instant case along with presenting to this Court the disregard exercised by the State by not responding to the questions presented by this Court. Applicant pleas this Court to grant relief deemed necessary in the name of justice.

Respectfully submitted,

*Jerrell G. Dittman*
#1701202
JERRELL G. DITTMAN

3

**STATUTORY AUTHORIZATION - MANDATORY BLOOD SPECIMEN**     TLE-51 (Rev. 3/96)

Name of Arrestee _____ John Doe   LTR# 01276435 _____

Location _____ Baylor Medical Center - Dallas _____

Date and Time _____ 04/10/09 _____

Pursuant to the provisions of Tex. Transp. Code Ann. §724.012, the undersigned peace officer requires that

_____ John Doe   LTR # 01276435 _____
(Name of Person Arrested)

give a specimen or specimens of blood under the provisions of Tex. Transp. Code Ann. Ch. 724, subch. B.

   Acting in my capacity as a peace officer, I have arrested the above-named person for an offense under Chapter 49 of the Texas Penal Code; such person was the operator of a motor vehicle or watercraft, involved in an accident that I reasonably believed occurred as a result of the offense. When I arrested the above-named person, I reasonably believed that another person had died or would die as a result of the accident, and the above-named person has prior to the issuance of this order refused my request to voluntarily give an appropriate specimen or specimens under the authority of Tex. Transp. Code Ann. Ch. 724.

   This request is made pursuant to Tex. Transp. Code Ann. §724.012 for you to acquire a specimen or specimens of the above named arrestee's blood. This is an order from a peace officer, and as such, under the provisions of Tex. Transp. Code Ann. §724.017, the person taking the specimen and the hospital where the specimen is secured are not liable in damages for compliance with this order, provided the specimen is obtained according to recognized medical procedures and is accomplished without negligence in the withdrawing of the specimen.

_____ #854 _____
Officer's Signature

_____ John P. Bohme   #854 _____
(Printed Name          Badge or ID No.

_____ Mesquite P.D. _____
Agency

FOR DIC USE ONLY

Name of Person Form Delivered to

_____ 04/10/09 _____
Date

_____ 0235 Hrs   Baylor Medical Center Dallas _____
Time and Place

_____ Michael Redden RN _____
Name and Occupation of Person Obtaining Specimen

EXHIBIT
A

STATE'S
EXHIBIT
56

PENGAD 800-631-6989

Olu    2 RED

**09D0592**

MESQUITE    POLICE DEPARTMENT
BLOOD ANALYSIS REC __ |||||||||||||||||||||||||||

A. ALCOHOL

B. DRUGS (two tubes of blood needed)
    Suspected drug or type of drug: _____

Suspect's name DOE / JOE / LTR# 0127635
      UNKNOWN      LAST       FIRST      UNKNOWN    MIDDLE
      Race _____    Sex M    DOB _____

Charge (circle one)   DWI     Intox Assault     Intox Manslaughter

Date/ Time sample drawn 04 - 10 - 09 / 02:25 am / pm

Location where sample drawn:

_____ Lew Sterrett    Other: BAYLOR MEDICAL _____

Name of Person Drawing Blood:

MICHAEL REDDEN _____ Title RN _____

Antiseptic Used: NONE _____

Witnessing Officer:

    Name: JOHN BOHMER _____ ID# 854

    Agency MESQUITE PD _____

Where Sample Deposited:

PARKLAND ER LOCKBOX PICKUP 4-13-09 6:50AM

Person Depositing Sample:

    Name: TORREY RHONE _____ ID# 985

    Agency MESQUITE PD _____

For laboratory personnel only

AGENCY ID: 0127635

EXHIBIT B

STATE'S
EXHIBIT
57



SOUTHWESTERN
# INSTITUTE OF FORENSIC SCIENCES
### AT DALLAS

5230 Medical Center Drive
Dallas, Texas 75235-7710
214-920-5961

## TOXICOLOGY         FL# 09D0592                    April 15, 2009

Mesquite Police Department
Attn: Lisa Gates, CID
P.O. Box 850357
Mesquite, TX 75185-0137

RE: Joe Doe
    DWI
    01276435

## EVIDENCE:

Received:       Two tubes of blood : red tops
Received from:  Parkland Hospital Police Room Lockbox
Received by:    A. McCall
Date received:  April 13, 2009

## RESULTS:

Alcohol Concentration:
0.16 (grams ethanol per 100 mL blood)

Analyst: _A. McCall_                    Reviewer: _D. C. Heartsill_

**AFFIDAVIT**

STATE OF TEXAS
COUNTY OF DALLAS
Before me, the undersigned authority, personally appeared A. McCall, who being by me duly sworn, deposed as follows:
"My name is A. McCall. I am over the age of 18 years and capable of making this affidavit. I have personal knowledge of the facts stated herein. I performed the analysis of the specimen referenced above for alcohol content using headspace gas chromatography at the Southwestern Institute of Forensic Sciences. Headspace gas chromatography is a recognized technique in the scientific community for determining the ethyl alcohol content of blood. I am educated, trained, and qualified to perform the procedure, I correctly applied the technique to this specimen, and I attest to the results of the analysis as stated above."

Affiant: _____
SWORN TO AND SUBSCRIBED before me on the _____ day of _____

_____
Linda Valadez, Notary Public-State of Texas

CC: Department of Public Safety Driver Improvement & Control Division

STATE'S
EXHIBIT
61

EXHIBIT
C